**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANDRA LUGO SALVADOR, | Case No. 26-cv-00553-BAS-MMP |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |
| CHRISTOPHER J. LAROSE, *et al.*, | |
| Respondents. | |

Petitioner Sandra Lugo Salvador filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) She argues: (1) her re-detention after being paroled into the country without notice or an opportunity to be heard violates her Fifth Amendment due process rights; (2) the re-detention also violates the Administrative Procedure Act ("APA") because it was "arbitrary and capricious" under 5 U.S.C. § 706(2)(A); and (3) she is being mandatorily detained under 8 U.S.C. § 1225(b)(2) when she should be classified under § 1226(a). (ECF No. 1.) Petitioner seeks an order releasing her on the same conditions as she was previously released on parole. (*Id.*)

26cv0553

Respondents filed a Return.  (ECF No. 4.)  In the Return, Respondents "acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to § 1226(a)."  Respondents do not address the argument that Petitioner's re-detention violates the APA and her due process rights. (*Id.*)

Petitioner filed a Traverse.  (ECF No. 5.)  In the Traverse, Petitioner disputes that a bond hearing is necessary under § 1226(a) and requests that she be ordered released under the same terms and conditions as she was previously released.

## I.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3). The writ is available to non-citizens detained within the United States.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody, and since she is seeking release from custody, she has standing to pursue this Petition.

## II.   STATEMENT OF FACTS

Petitioner is a Mexican asylum seeker.  (Pet. ¶ 1, ECF No. 1.)  On January 25, 2020, the Department of Homeland Security ("DHS") released her on humanitarian parole, finding she was neither a flight risk nor a danger to the community.  (*Id.*)  She has been living in the United States since then.  (*Id.*)  She has complied with all conditions of release, attended all court hearings, and otherwise obeyed all laws of the United States.  (*Id.* ¶ 13.) She is now married to a United States citizen and has an 11-month-old United States citizen daughter.  (*Id.* ¶ 8.)

On January 21, 2026, while attending an immigration hearing, she was re-detained without notice or an opportunity to be heard.  (*Id.* ¶ 2.)  She is being held without bond

26cv0553

because Immigration and Customs Enforcement ("ICE") has determined that she is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

## III.    ANALYSIS

### A.    Violation of the APA

Under the APA, a reviewing court shall "hold unlawful and set aside agency action . . . found to be— [] arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "without observance of procedure required by law."  5 U.S.C. § 706(2)(A), (D).  "[A]n agency's action can only survive arbitrary or capricious review where it has articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made."  *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1144 (D. Or. 2025) (citing *Alliance for the Wild Rockies v. Petrick*, 68 F.4th 475, 493 (9th Cir. 2023)).  Although the court "is not to substitute its judgment for that of the agency," *Persian Broad. Serv. Glob., Inc. v. Walsh*, 75 F.4th 1108, 1111–12 (9th Cir. 2023), and the scope of the review is narrow, "[a] court 'may not infer an agency's reasoning from mere silence,'" *Y-Z-L-H*, 792 F. Supp. 3d at 1144 (quoting *Arlington v. Daniels*, 516 F.3d 1106, 1112 (9th Cir. 2008)).

Section 1182 allows the Secretary of Homeland Security, in her discretion, to temporarily parole a noncitizen into the United States.  8 U.S.C. § 1182(d)(5)(A). "[W]hen the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served, the alien shall forthwith return or be returned to the custody from which he was paroled." *Id.*

In this case, the purpose of Petitioner's parole into the United States was to allow her to pursue her asylum claim.  This purpose has not yet been served.  Nor did either the Secretary or Respondents attempt to claim otherwise.  Instead, there is deafening silence as to the reason for revoking Petitioner's parole.  The fact that Respondents in their Return make no attempt to justify the decision or argue that the APA was not violated could be construed as a concession that the parole revocation had no justification.  *See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 n.7 (N.D. Cal 2013) (finding an argument

26cv0553

was conceded where defendant failed to address it in its opposition); *Sportcare of Am., P.C. v. Multiplan, Inc.*, No. 2:10-4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."). There is no attempt to address Petitioner's claim that the decision was arbitrary and capricious. Instead, Respondents acknowledge Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order directing that she receive a bond hearing pursuant to § 1226(a) without addressing the fact that her parole into the United States was abruptly withdrawn without explanation. Without further explanation, the Court finds the decision to revoke Petitioner's parole was "arbitrary and capricious."

In addition, the decision to revoke Petitioner's parole was made "without observance of procedure required by law." 5 U.S.C. § 706(2)(D). Parole may be terminated "upon accomplishment of the purpose for which parole was authorized or when in the opinion [of designated] officials . . . neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States," but it requires written notice to the individual who received parole. 8 C.F.R. § 212.5(e)(2). Since Petitioner received no such written notice, nor in fact any notice whatsoever, the Court similarly finds the revocation violates the APA.

**B.    Due Process and Improper Classification Under § 1225(b)(2)**

In light of the Court's finding that Respondents violated the APA when they revoked Petitioner's parole into the country before the purpose of the parole had been served and without any explanation, the Court finds the other grounds for release to be moot.

**IV.    CONCLUSION**

For the reasons stated above, Petitioner Sandra Lugo Salvador's Petition for Writ of Habeas Corpus is **GRANTED**. (ECF No. 1.) The Court issues the following writ:

The Court **ORDERS** Respondents to immediately release Sandra Lugo Salvador (A#216-068-868) on the same terms and conditions that she was released on parole in 2020. The Court further orders that Respondents return to Petitioner all her personal property and documents upon her release.

- 4 -

26cv0553

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: February 11, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 5 -

26cv0553